RICHARD H. JACKSON,
vs.
BENJ. D. DASHIEL & JAMES L. COLSTON. } DECEMBER TERM, 1852.

[LIMITATION OVER AFTER FAILURE OF ISSUE.]

A TESTATRIX devised certain real estate to her daughter for life, remainder in fee to her three grandsons, naming them, " provided, nevertheless, that if either or any of my said grandsons *should die without issue,* then" the property " to descend to, and become the estate of the *survivor or survivors.*" One of the devisees in remainder died without issue. HELD— That the limitation over to the survivors is too remote, being after an indefinite failure of issue.

The words *" without issue,"* in a will, when applied to dispositions of real estate, mean *ex vi termini,* an indefinite failure of issue, if there is nothing in the will restricting their operation; and the circumstance that the limitation over is to a survivor in fee for life, will not have the effect to restrain the established legal meaning of the words.

[The clause of the will construed by the Chancellor in this case, is set out in his opinion.]

THE CHANCELLOR:

In the will of Hannah Douglass, executed and proved in the year 1832, is the following clause, and upon the legal effect of which, the question submitted by agreement of parties depends.

" I give and bequeath unto my daughter, Mary Dashiel, the house and lot in which I at present reside, and which was purchased from Robert Hart, and also one-third part of the lot adjoining, which was purchased of Thomas C. Smith, for and during the term of her natural life; and at her death, the said house and lot, and one-third part of the adjoining lot, as above bequeathed, to be equally divided, share and share alike, between my three grandsons, Richard Henry Jackson, George Minor Colston, and Benjamin Douglass Dashiel, to them and their heirs for ever, provided, nevertheless, that if either or any of my said grandsons *should die without issue,* then the

above bequest to descend to and become the estate of the survivor or survivors."

Upon the death of the devisee, Mary Dashiel, a bill was filed by Richard Henry Jackson, one of the devisees in remainder, against Benjamin Douglass Dashiel and James H. Colston, the heir-at-law of George Minor Colston, another of the devisees in remainder, who had likewise died, for a sale of the property for the purpose of partition; and the same having been sold, the proceeds are now to be distributed; and the question submitted is, whether the limitation over to the survivors, Richard Henry Jackson and Benjamin Douglass Dashiel, is good, and can take effect as an executory devise, George Minor Colston, having died without issue, leaving a brother of the whole blood, his heir-at-law.

In my opinion, this can scarcely be considered an open question, since the decision of the Court of Appeals in the case of *Newton* vs. *Griffith*, 1 *H. & G.*, 111. It was there held upon great consideration, that the words "without issue" in a will, when applied to dispositions of real estate, *ex vi termini*, mean an indefinite failure of issue, if there is nothing in the will restraining the operation of the words; and that the circumstance that the limitation over is to a survivor either in fee or for life, will not have the effect to restrain the established legal meaning of the words. It follows, therefore, that the limitation over to the devisees, Jackson and Dashiel, in this case, is too remote, being after an indefinite failure of issue, and that the share of Colston, the deceased devisee, upon his death descended upon and vested in his heir-at-law, the defendant, James H. Colston, to whom his share of the proceeds of the property must be awarded.

B. D. JACKSON, for Complainant.
S. D. LECOMPTE, for Colston.